# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC X. RAMBERT, | ) |
|        Petitioner, | ) Civil Action No. 12 - 913 |
| v. | ) Judge David Cercone |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| DAVID A. VARNO, *et al.*, | ) |
|        Respondents. | ) |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed as a second or successive petition for which this Court is without jurisdiction to review. It is further recommended that a certificate of appealability be denied.

**II. REPORT**

    A. Discussion

Eric X. Rambert ("Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He seeks to challenge his 1987 state convictions of assault by a prisoner, riot and criminal conspiracy. This is the fifth habeas petition addressed to these convictions. His first two petitions, filed at Civil Action Nos. 91-134 and 94-657, were dismissed without prejudice for his failure to have exhausted state court remedies. His third petition, filed at Civil Action No. 97-1926, was addressed on its merits,

1

dismissed, and a certificate of appealability was denied. Finally, his fourth petition, filed at Civil Action No. 06-1573, was dismissed as a second or successive petition. In 2007, Petitioner sought permission from the Third Circuit Court of Appeals to file a second or successive habeas petition, but that request was denied on August 9, 2010.

Because the instant habeas petition is a second or successive petition filed by Petitioner challenging his 1987 convictions, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, the AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a *prima facia* showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive fillings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Third Circuit Court of Appeals establishes that Petitioner has not received permission to file a second or successive petition challenging his 1987 convictions. Therefore, the instant habeas petition must be dismissed as a second or successive petition for which this Court is without jurisdiction to review.

B. Certificate of Appealability

A certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would
2

disagree that this is a second or successive habeas petition. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed as a second or successive petition which this Court is without jurisdiction to review. It is further recommended that a certificate of appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: December 17, 2012

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: **ERIC X. RAMBERT**
AM-9223
SCI Coaltownship
1 Kelley Drive
Coaltownship, PA 17866

Counsel of Record